JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division                                    **E-FILED 12/30/2009**
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5082
   Facsimile:  (408) 535-5081
   claire.cormier@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY NIVA and ALINKA NIVA, as Administrators of the Estate of ERIC AUSTIN NIVA, deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT,<br><br>    Defendants. | No. C 03-0908 RS<br><br>**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677; [PROPOSED] ORDER** |

     It is hereby stipulated by and between each of the undersigned plaintiffs (meaning any person -- other than the plaintiffs' counsel, and the defendant and its counsel -- signing this agreement waiving and releasing claims or potential claims against the United States, whether such person is a party to this civil action or not) and the United States of America, by and through their respective attorneys, as follows:

     1. The parties to this Stipulation do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2.  This Stipulation is not, is in no way intended to be, and should not be construed as an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs.  This settlement is entered into by all parties for the purpose of compromising disputed personal injury and wrongful death claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.  In consideration for the plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay the cash sum of One million seven hundred fifty thousand Dollars ($1,750,000.00) (hereinafter "Settlement Amount") based upon the terms and conditions set forth below in Paragraph 3.

a.  Within three business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security numbers or tax identification numbers of plaintiffs and their attorneys; (3) a fully executed waiver and release from each State, private entity, and private individual for any and all past, present, and future claims or liens for reimbursement or payment any such State, private entity, or private individual may have arising from any benefits or payments made to or on behalf of Eric Niva by any such State, private entity, or private individual; (4) a fully executed waiver and release from any State, private entity, or private individual, who has or may have now or in the future a claim or cause of action against the United States (and its agents, servants, and employees) arising out of the subject matter of the above-captioned action, including any claim for contribution, indemnification, or subrogation; (6) a court order indicating that the Probate Court has approved this Stipulation; and (6) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a formal request requesting that a check in the Settlement Amount of One million seven hundred fifty thousand Dollars ($1,750.000.00) be issued made payable to Alinka and Gary Niva and their attorney John C. Stein.  The check for the Settlement Amount will be mailed to the United States Attorney for the Northern District of California to hold until such time as the plaintiffs' counsel have filed a motion or stipulation with the United States District Court for the Northern District

1    of California to dismiss this action in its entirety with prejudice, with each party to bear its own

2    costs, expenses, and fees, including any costs, expenses, and fees incurred in obtaining court

3    approval of the settlement.

4           b.  The parties agree that any attorneys' fees owed by the plaintiffs in their Federal

5    Tort Claims Act suit against the United States shall not exceed 25% of the Settlement Amount.

6    28 U.S.C. § 2678.  The parties further agree that any such attorneys' fees, along with any costs

7    and expenses of said action against the United States and any costs, expenses, or fees associated

8    with obtaining any court approval of this settlement, shall be paid out of the Settlement Amount

9    paid pursuant to this Paragraph 3, and not in addition thereto.  The parties agree that any fees for

10   legal services incurred in this action, and in any court proceedings reviewing the settlement for

11   approval purposes, shall be considered attorneys' fees and not costs, shall be subject to the

12   provisions of 28 U.S.C. § 2678, and shall be paid out of the Settlement Amount and not in

13   addition thereto.

14          c.  The plaintiffs stipulate and agree that they are legally responsible for any and

15   all past, present, and future liens or claims for payment or reimbursement, including any past,

16   present, and future liens or claims for payment or reimbursement by any public entity or body,

17   including any federal, State, or local government, including Medicare and Medicaid, any

18   insurance company, and any private individual or entity, arising from the injuries that are the

19   subject matter of this action.  The plaintiffs stipulate and agree that they will satisfy or resolve

20   any and all past, present, and future liens or claims for payment or reimbursement asserted by any

21   public entity or body, including any federal, State, or local government, including Medicare and

22   Medicaid, any insurance company, and any private individual or entity.  The plaintiffs and their

23   attorneys represent that, as of the date they sign this Stipulation, they have made a diligent search

24   and effort to determine the identity of any individual or entity that has or may have a lien or

25   claim for payment or reimbursement arising from the injuries that are the subject matter of this

26   action.  The plaintiffs and their attorneys agree that, no later than thirty (30) days from the date

27   any past, present, or future lien or claim for payment or reimbursement is paid or resolved by the

28   plaintiffs, they will provide to the United States evidence that said lien or claim has been

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
C 03-0908 RS

-3-

1  satisfied or resolved and that said lienholder or claimant has waived and released such lien or

2  claim.  The evidence required by the terms of this Paragraph may be satisfied by a letter from

3  plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been

4  satisfied or resolved and that the lienholder or claimant has waived and released such lien and

5  claim.

6       4.  Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby

7  accept the Settlement Amount set forth above in Paragraph 3 in full settlement, satisfaction, and

8  release of any and all claims, demands, rights, and causes of action of whatsoever kind and

9  nature, including any claims for personal injury or wrongful death, any claims for pre-judgment

10  or post-judgment interest, and any claims for fees, costs, and expenses, whether incurred in the

11  district court, the court of appeals, or in any other court proceedings, arising from, and by reason

12  of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death,

13  or damage to property, and the consequences thereof, which the plaintiffs or their heirs,

14  executors, administrators, or assigns may have or hereafter acquire against the United States of

15  America, the United States Department of the Interior, the Bureau of Land Management, or their

16  agents, servants, and employees on account of the same subject matter that gave rise to the

17  above-captioned action.  Plaintiffs and their guardians, heirs, executors, administrators, and

18  assigns do hereby further agree to reimburse, indemnify, and hold harmless the United States of

19  America, the United States Department of the Interior, the Bureau of Land Management, and

20  their agents, servants, and employees from and against any and all such claims, causes of action,

21  liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens,

22  right, subrogated interests, or contribution interests sound in tort, contract, or statutory) incident

23  to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action,

24  including claims or causes of action for the alleged personal injury or wrongful death of Eric

25  Niva.

26       5.  This compromise settlement is specifically subject to each of the following conditions:

27         a.  The Attorney General or the Attorney General's designee must approve the

28  terms of the settlement and authorize the attorney representing the United States to negotiate and

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
C 03-0908 RS

consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

b.  The parties must agree in writing to the terms, conditions, and requirements of this Stipulation.  The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation.  The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.  The parties must agree to the terms, conditions, and requirements of the Stipulation before the attorneys for the United States will seek settlement authority from the Attorney General or the Attorney General's designee.

c.  Plaintiffs must be alive at the time the check for the Settlement Amount is transmitted by counsel for the United States to plaintiffs' counsel.  In the event of the death of any of the plaintiffs prior to the date of such transmission, the entire Stipulation and the compromise settlement are null and void.

d.  In the event there are any currently known liens or claims for payment or reimbursement, including any liens or claims by Medicaid (or the State equivalent) or Medicare, and any claims by private entities or private individuals, arising out of the subject matter that gave rise to the above-captioned action, whether disputed by plaintiffs as legally valid or not, plaintiffs must obtain a release and waiver from any State, private entity, or private individual who claims to have such lien or claim.  For purposes of this Stipulation, such lien or claim includes but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of the plaintiffs or Eric Niva or a claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of the plaintiffs or Eric Niva.  This condition is for the benefit of the United States exclusively.  The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by the plaintiffs in obtaining a Release and Waiver from any State, private entity, or private individual who claims to have such lien or claim.  Prior to the attorney for the

United States seeking approval from the Attorney General or his designee, the plaintiffs must provide the United States with either (i) all such releases and waivers required by this paragraph, or (ii) a written representation by plaintiffs' counsel stating, after a diligent search of counsel's law firms' records and files and of the plaintiffs' personal records and files, that no such liens or claims are currently known to exist.

e.   The United States District Court for the Northern District of California must agree to dismiss the district court action with prejudice, with each party bearing its own fees, costs, and expenses.  The Order of dismissal of the above-referenced civil action must expressly provide that the District Court shall not retain jurisdiction over this action, the settlement, or any other matter pertaining to this action or the settlement.

f.   The Probate Court for the State of California must issue an order approving this Stipulation.

6.   The parties agree that, upon notice from the attorney for the United States that the United States Attorney's Office has received the check for the amount of the Settlement Amount, the plaintiffs' attorneys shall file with the United States District Court for the Northern District of California a dismissal of this action in its entirety with prejudice, with each party bearing its own costs, expenses, and fees.  Upon the filing of such dismissal, the attorney for the United States shall transmit to plaintiffs' counsel said check in the amount of the Settlement Amount.  Subject to the terms and conditions set forth in Paragraph 3, above, plaintiffs' attorneys agree to distribute the Settlement Amount to the plaintiffs after paying or resolving any lien or claim for reimbursement or payment for which plaintiffs have agreed to be legally responsible under the terms of this Stipulation.

7.   The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

8.   The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or

suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiffs understand that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

9.   This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.  This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

10.  It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.

Respectfully submitted,


JOSEPH P. RUSSONIELLO
UNITED STATES ATTORNEY

DATED: December 30, 2009          BY:    /s/ Claire T. Cormier
                                         Claire T. Cormier
                                         Assistant United States Attorney
                                         Attorney for Defendant, United States of America

1    **Approved as to Form:**

2

3                                          THE BOCCARDO LAW FIRM LLP

4

5    DATED: November 3, 2009        BY:___/s/ John C. Stein_____
                                        JOHN C. STEIN
6                                       Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3   DATED: November 3, 2009            /s/ Gary Niva
                                    _____
4                                    GARY NIVA
                                     Plaintiff
5

6

7   DATED: November 3, 2009            /s/ Gary Niva
                                    _____
8                                    GARY NIVA, as Administrator of the Estate of
                                     ERIC AUSTIN NIVA, deceased,
9                                    Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
C 03-0908 RS

1

2

3   DATED: November 3, 2009                    /s/ Alinka Niva

4                                            ALINKA NIVA
                                             Plaintiff
5

6   DATED: November 3, 2009                    /s/ Alinka Niva

7                                            ALINKA NIVA, as Administrator of the Estate of
                                             ERIC AUSTIN NIVA, deceased,
8                                            Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
C 03-0908 RS
                                    -10-

1

**[PROPOSED] ORDER**

2

  Upon stipulation of the parties and good cause appearing, IT IS SO ORDERED.

3

4

DATED: December 30, 2009    _____

5

         RICHARD SEEBORG
         United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
C 03-0908 RS